IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE OLIVER COUNTS                                                        PLAINTIFF

v.                                   Civil No.6:20-CV-06021

OFFICER MCADDO and OFFICER WOODALL                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on February 25, 2020. (ECF No. 1). He is currently incarcerated in the Garland County Detention Center. (*Id.* at 2). He alleges his constitutional rights were violated on October 23, 2019 (Claim 1) and September 12, 2019 (Claim 2). (*Id.* at 4, 5).

In Claim 1 Plaintiff alleges that on October 23, 2019, Defendant Woodall slandered and falsely imprisoned him for 172 days for two charges concerning methamphetamine and drug

paraphernalia. He alleges Garland County Arkansas Circuit Judge Marcie Hurnsburger *nolle prossed* these charges. (*Id*. at 4).

In Claim 2 he alleges that on September 12, 2019, Defendant McAddo slandered and falsely imprisoned Plaintiff for 150 days for theft by receiving a firearm.[1] He alleges the charges were *nolle prossed*. (*Id*. at 3, 5). He alleges two more of the same charges are still pending. (*Id*. at 3).

Plaintiff proceeds against Defendants in their personal capacity. (*Id*. at 4, 5). Plaintiff seeks damages, as a result of his false imprisonment, claiming the house he had inherited and was rebuilding was badly damaged when rain came through the roof while he was in custody. (*Id*. at 5). He also seeks punitive damages. (*Id*. at 7).

To provide additional background to Plaintiff's state cases and charges, the Court researched the public record of the Garland County, Arkansas, state courts. There were four cases brought against Plaintiff in 2019: 26CR-19-20, HTC-19-5066, HTC-19-5161, and 26CR-19-839. (Arkansas Court Connect, last accessed Mar. 18, 2020). Case 26CR-19-20 was filed on January 10, 2019, with an alleged violation date of November 25, 2018. Defendant Woodall provided the affidavit of probable cause in that case. Charges for possession of methamphetamine and drug paraphernalia were *nolle prossed*. A second-degree assault charge was dismissed and remanded to the Hot Springs District Court.

Case HTC-19-5066 was filed September 9, 2019. The number 19L027929 listed by Plaintiff appears to be the violation number linked to this case. Plaintiff was charged with theft of

---

[1] Plaintiff references No. 19L027929 in relation to this claim, (ECF No. 1, at 3), which appears to be a citation or violation number rather than a case number from a state court. In an earlier case filed with this Court, Plaintiff referenced Arkansas case 26CR-19-20. *See Counts v. Woodall*, 6:19-CV-06133, which may be a related case.

2

property (firearm) and possession of a firearm with an alleged violation date of August 27, 2019. Defendant McAddo[2] served the warrant. This case remains pending.

Case HTC-19-5161 was filed September 12, 2019. Plaintiff was charged with possession of firearms and resisting arrest with an alleged violation date of September 12, 2019. The possession of firearms charge was *nolle prossed*. He was found guilty of resisting arrest. Defendant McAddo is listed as the officer in the case.

Case 26CR-19-839 was filed on November 1, 2019. Plaintiff was charged with theft of property (firearm) and possession firearms, with an alleged violation date of August 27, 2019. Defendant McAddo served the arrest warrant. This case remains pending.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

---

[2] Based on the Garland County documents Defendant McAddo's correct name is McAdoo.

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff failed to allege any plausible constitutional claims. The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

Plaintiff alleges he was falsely imprisoned after he was arrested and imprisoned on charges which were later *nolle prossed*. False imprisonment is a tort under Arkansas state law. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93 (1999). Because this claim does not arise under the United States Constitution or a federal statute, § 1983 provides no remedy. *See Collier v. City of Springdale*, 733 F.2d. 1311, 1313 (8th Cir. 1984) (deprivation of a right secured by the constitution or laws of the United States is an essential element of § 1983 action).

Plaintiff alleges he was slandered by Defendants. The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). Thus, claims for defamation and slander are not cognizable under § 1983. *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (per curiam).

Plaintiff alleges he suffered property loss due to his false imprisonment. As Plaintiff has adequate post-deprivation remedies in the Arkansas state courts, his allegation fails to rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)

(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Because Plaintiff could seek redress in Arkansas state courts for his claim of property loss, he has no claim pursuant to § 1983 in this regard.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. The dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of March 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE